IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ABDULQADIR ISMAIL KHOSHNAW, )
)
      Plaintiff, )
)
)
vs. ) CASE NO. 3:07-0936
) JUDGE ECHOLS/KNOWLES
)
UNITED STATES OF AMERICA, )
)
      Defendant. )

# REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss Complaint as Moot" (Docket No. 7), accompanied by a supporting Memorandum of Law (Docket No. 8). This action has previously been referred to the undersigned "for consideration of all pretrial matters," and reports and recommendations on any dispositive motions. Docket No. 3.

Plaintiff has not filed a Response to the Motion.

Plaintiff's complaint is based upon a claim that his application for naturalization has been unlawfully delayed by Defendant. Docket No. 1, p. 1. The relief sought by Plaintiff in the Complaint is, "that the Court approve plaintiff's naturalization application and administer the oath," or, in the alternative, that the Court may "remand requiring Defendant to immediately approve Plaintiff's naturalization application or do that within [a] limited and specified time frame." *Id.,* p. 3.

Defendant has submitted an Exhibit to the instant Motion showing that Plaintiff's "Application for Naturalization" was approved on November 5, 2007. Docket No. 7-1.

Defendant's Memorandum further states that Plaintiff "should be scheduled to take the oath of citizenship in Nashville on December 7, 2007." Docket No. 8, p. 1.

Pursuant to Fed. R. Evid. 201(b), the Court takes judicial notice that Plaintiff did, in fact, take the appropriate oath and become a naturalized citizen on December 7, 2007. *See* Certificate of Naturalization No. 30602957.

As the Sixth Circuit has stated:

> [A] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue. . . . The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.

*Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (citations omitted).

The only relief sought by Plaintiff in the Complaint has already been attained by Plaintiff. His lawsuit, therefore, is moot.

For the foregoing reasons, the undersigned recommends that "Defendant's Motion to Dismiss Complaint as Moot" (Docket No. 7) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

2

_____
E. Clifton Knowles
United States Magistrate Judge

3